IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-00017-FL-1
NO. 4:12-CV-00034-FL

| | |
|---|---|
| JAMES LAMONT MARSHALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This cause comes before the Court upon petitioner James Lamont Marshall's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-42). The government seeks to dismiss Marshall's motion to vacate. (DE-47). Marshall has responded to the motion to dismiss (DE-49) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Marshall's motion to vacate (DE-42) be DENIED and that the government's motion to dismiss (DE-47) be GRANTED.

I. **BACKGROUND**

On September 9, 2009, Marshall pled guilty pursuant to a written plea agreement to

1

possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE-20, DE-22). In the plea agreement, Marshall agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1-2, DE-22.

At the arraignment hearing held September 9, 2009, Marshall testified, *inter alia*, that he had discussed his case and the plea agreement with his trial counsel; that he was satisfied with trial counsel's representation of him; and that his trial counsel was a good lawyer. Arraignment Hr'g Tr. 11:12-20, DE-36. After engaging Marshall in a lengthy colloquy, the presiding magistrate judge found that Marshall's guilty plea was knowing, voluntary, and supported by an independent factual basis. *Id.* 14:17-16:22; 19:6-20.

In preparation for sentencing, the United States probation office submitted its presentence investigation report ("PSR") to the district court on December 2, 2009. (DE-25). The PSR indicated that Marshall qualified as armed career criminal under 4B.1.4 of the Sentencing Guidelines and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") due to his prior convictions for felony breaking and entering and common law robbery. PSR 15, DE-25. The ACCA enhancement elevated Marshall's

adjusted offense level from 26 to 33. After a three-level reduction for acceptance of responsibility, the total offense level for Marshall was 30; his criminal history category was VI. With this offense level and criminal history category, the recommended sentencing range for Marshall's offense under the Sentencing Guidelines was 180 to 210 months' imprisonment. PSR 16, DE-25.

Defense counsel objected to the PSR's classification of Marshall as an armed career criminal, arguing that his prior convictions for breaking and entering were not violent crimes and could not be used as predicate offenses for ACCA enhancement. Addendum to the PSR 18, DE-25. At the sentencing hearing on January 5, 2010, however, defense counsel acknowledged that because Marshall had been charged and convicted of breaking and entering under N.C. Gen. Stat. § 14-54, these convictions technically qualified as violent offenses for purposes of the ACCA. Sentencing Hr'g Tr. 4:17-25, DE-37. Defense counsel therefore withdrew her objection to the PSR. For its part, the government argued in favor of its 5K motion for downward departure and recommended a sentence of 168 months. *Id.* at 5:7-9. Upon consideration of all of the evidence and arguments by the parties, the district court granted the government's motion for downward departure and sentenced Marshall to a 168 month term of imprisonment and five years of supervised release. (DE-29, DE-30).

Marshall appealed from the conviction and sentence (DE-32), and on December 3, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the judgment in part and dismissed Marshall's appeal in part. (DE-39, DE-40). Marshall did not seek

3

review by the United States Supreme Court.

On March 5, 2012, Marshall filed the instant motion pursuant to 28 U.S.C. § 2255. The government asserts that the motion to vacate is without merit and should be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence

4

was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Further, claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4). "[F]or federal criminal defendants who do not file a petition for certiorari with th[e] [United States Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). For the purpose of seeking review by the Supreme Court, "'the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).'" Id. (quoting Sup. Ct. R. 13(3)). The time for petitioning the Supreme Court is ninety days. Sup. Ct. R. 13(1).

C. **Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an

6

antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

Marshall asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688.

7

This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. See Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished). Finally, to overcome the presumption of effective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel ignored issues on appeal that were clearly stronger than those presented. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).

With these legal precepts in mind, the undersigned considers the instant petition.

### III. ANALYSIS

#### A. Timeliness

The government asserts the motion to vacate is untimely because it was not filed within

8

one year of entry of judgment.[1]  However, the one-year limitation period does not start to run until the time for seeking review with the United States Supreme Court expires.  Clay, 537 U.S. at 532.  "In other words, if a direct appeal is filed but no petition for writ of certiorari is filed, an additional ninety days is added to the one-year period of limitations to file a § 2255 motion."  United States v. Bells, No. 3:08-1264-JFA, 2012 U.S. Dist. LEXIS 132931, *3 (D.S.C. Sept. 18, 2012).

The Fourth Circuit issued its judgment in Marshall's appeal on December 3, 2010. Thus, Marshall had until March 3, 2011 to file a petition for writ of certiorari with the Supreme Court, and, accordingly, until March 3, 2012 to file the § 2255 motion. Although the docket reflects a filing date of March 5, 2012 for Marshall's motion to vacate, a pro se inmate is entitled to the benefit of the so-called prison mailbox rule, under which the court regards a petition or motion as having been filed when delivered to prison authorities for mailing to the court.  *See* Houston v. Lack, 487 U.S. 266, 276 (1988) (finding that under appellate rule requiring habeas corpus appeals to be filed within thirty days, the pro se prisoner's notice of appeal was filed at moment of delivery to prison authorities for mailing to district court).  The time-stamp for Marshall's motion to vacate indicates it was processed by prison officials on March 2, 2012, one day before the time expired for the one-year statute of limitations.  DE-42-2, at 2.  The motion to vacate is

---

1. The government states that the date of judgment entry is November 10, 2010.  Resp't Mot. Dismiss 2, DE-47.  This statement is unsupported by the record.  The district court sentenced Marshall and entered judgment on January 5, 2010.  (DE-30).  The Fourth Circuit's decision issued December 3, 2010 (DE-39, DE-40), and the mandate for the judgment of the Fourth Circuit issued December 27, 2010 (DE-41).

9

therefore timely.

**B. <u>Ineffective Assistance of Counsel</u>**

Marshall asserts that trial and appellate counsel should have challenged the enhancement of his sentence under the ACCA based on his contention that North Carolina's breaking-and-entering offense is not a violent felony for purposes of ACCA enhancement. In *United States v. Bowden*, however, the Fourth Circuit held that breaking and entering, as set forth in N.C. Gen. Stat. § 14-54(a), is a violent felony for purposes of the ACCA. 975 F.2d 1080, 1085 (4th Cir. 1992). The Fourth Circuit subsequently affirmed that holding in the wake of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008). *See* United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); *see also* Lindsey v. United States, Nos. 5:08-CR-91-BR, 5:11-CV-178-BR, 2011 U.S. Dist. LEXIS 75276, *2-3 (E.D.N.C. July 12, 2011) (noting that the Fourth Circuit has held that the North Carolina offense of breaking and entering is a violent felony for purposes of career offender enhancement). Accordingly, trial and appellate counsel were not ineffective for failing to challenge Marshall's ACCA sentence enhancement based on his prior convictions for breaking and entering.

Marshall further contends his counsel were ineffective for failing to argue that one of the predicate convictions used to enhance his sentence, a 1996 conviction for breaking and entering, was not punishable by imprisonment for a term exceeding one year and therefore could not be considered a felony for purposes of federal sentencing. Marshall has not submitted a copy of the 1996 underlying judgment to the Court. He thereby fails to carry

10

his burden of showing that the 1996 felony conviction was not punishable for a term exceeding one year.[2] *See* Miller, 261 F.2d at 54 (the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence). According to the PSR, Marshall was sentenced to 8 to 10 months' custody for the 1996 breaking and entering conviction. PSR ¶ 18. However, the PSR does not indicate the maximum sentence Marshall could have received for this conviction. Breaking and entering is a Class H felony under North Carolina law, *see* N.C. Gen. Stat. § 14-54, with a range of possible maximum sentences exceeding one year depending upon an individual's prior record level and whether the individual is sentenced within the aggravated, presumptive, or mitigated fields. *See* N.C. Gen. Stat. § 15A-1340.17. Thus, Marshall has not established that he could not have received a sentence of imprisonment for a term exceeding one year for the 1996 breaking and entering conviction. Moreover, even if the PSR impermissibly counted the first 1996 breaking and entering conviction, the PSR also relied upon a second 1996 breaking and entering conviction, for which Marshall received 11 to 14 months' custody. *See* United States v. Thompson, No. 11-5059, 2012 U.S. App. LEXIS 9358, *5-8 (4th Cir. May 8, 2012) (per curiam) (unpublished) (concluding that the district court erred in failing to sentence the defendant as an armed career criminal under the ACCA, because the defendant could have received a sentence in excess of one year for his breaking and entering conviction, even though his actual sentence was only nine to eleven months).

---

2. The undersigned also notes that the Court twice appointed counsel pursuant to Standing Order 11-SO-3 to review this case for *Simmons*-related error. After reviewing Marshall's case, both appointed attorneys declined to file any motions on his behalf or amend the pro se filings. The Court subsequently allowed both attorneys to withdraw. (DE-52, DE-56).

Thus, Marshall fails to show deficient performance by either trial or appellate counsel in failing to object to the use of the 1996 breaking and entering conviction for purposes of ACCA sentence enhancement on the grounds that he could not have been sentenced to more than one year of imprisonment for the offense.

Even if Marshall could establish that his counsel's performance fell below an objective standard of reasonableness, he would nevertheless not be entitled to relief because he has failed to allege any facts demonstrating prejudice. Instead, the record reflects that his counsel's efforts resulted in a favorable plea agreement, whereby he avoided prosecution of count two of the indictment and obtained a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. In addition, the district court granted the government's 5K motion for downward departure. At arraignment, Marshall expressed satisfaction with counsel's performance and testified that she had in fact been a good attorney for him. Nothing in the record indicates that, but for counsel's performance, Marshall would not have pled guilty and gone to trial, or that the district court would have imposed a more lenient sentence. Indeed, the district court informed Marshall at sentencing that he was already receiving "a pretty significant cut" in his sentence. Sentencing H'rg Tr. 7:14-15, DE-37. Finally, nothing in the record suggests that the Fourth Circuit might have reversed the district court's judgment had appellate counsel presented a different argument on appeal.

To the extent Marshall attempts, under the guise of an ineffective assistance of counsel claim, to argue that the district court erred in applying U.S.S.G. § 4B1.4, he waived

12

the right to challenge his sentence in his plea agreement. *See* White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, *16-18 (E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement). The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Here, the Fourth Circuit reviewed the record on direct appeal and concluded that Marshall "knowingly and intelligently waived the right to appeal his sentence." United States v. Marshall, 403 Fed. App'x 827, 828 (4th Cir. 2010) (per curiam) (unpublished). Thus, Marshall may not pursue his claim that the district court erred in applying U.S.S.G. § 4B1.4 to enhance his sentence.

Finally, even if the ACCA enhancement would no longer apply to Marshall in wake of the Fourth Circuit's decision in *Simmons*, he is not entitled to relief, because application of *Simmons* is not retroactive. The Fourth Circuit has determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, No. 11-6152, 2012

13

U.S. App. LEXIS 17485 (4th Cir. Aug. 20, 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* at *14. Thus, even if Marshall would not qualify for ACCA enhancement if he were sentenced today, he is not entitled to retroactive application on collateral review.

For all of these reasons, the undersigned recommends that Marshall's claim of ineffective assistance of counsel be denied.

C. **Remaining Claims**

Marshall sets forth a number of other claims generally related to the authority of the federal district court over his case. Specifically, Marshall asserts (1) the case against him was improperly removed from state to federal court, thereby violating his Tenth Amendment rights; (2) the federal government was without authority to prosecute him; and (3) 18 U.S.C. § 3231 was never enacted into law.

However, Marshall did not present these claims to either the district court or on direct appeal to the Fourth Circuit. Marshall may not raise these issues for the first time in a collateral proceeding unless he demonstrates cause excusing his procedural default and actual prejudice resulting from the errors. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Marshall has failed to show cause excusing his default or actual prejudice resulting from these alleged errors. Thus, these claims are barred from

14

consideration under 28 U.S.C. § 2255.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Marshall's motion to vacate (DE-42) be DENIED and that the government's motion to dismiss (DE-47) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, October 9, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE