IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-17-FL-1
No. 4:16-CV-154-FL

| | |
|---|---|
| JAMES LAMONT MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 67), which challenges his Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 76). The issues raised are ripe for ruling. For the reasons that follow, the court grants petitioner's motion to vacate and denies the government's motion to dismiss.

## BACKGROUND

On September 9, 2009, petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal," that his resulting statutory minimum sentence was 15 years under 18 U.S.C. § 924(e)(1), and that his resulting guidelines range was 180-210 months. (DE 25, ¶¶ 64, 68,

69). As justification for petitioner's armed career criminal designation, the PSR identified two North Carolina felony "breaking and entering" convictions in petitioner's criminal history, one conviction on December 10, 1991; and one conviction on February 21, 1996. (PSR ¶¶ 64, 8, 19).[1] In addition, the PSR identified a 1992 North Carolina felony common law robbery conviction. (Id. ¶¶ 64, 11).

The court sentenced petitioner on January 5, 2010, to a total term of imprisonment of 168 months, after adopting the guidelines range set forth in the PSR and reducing the sentence in accordance with a substantial assistance motion under 18 U.S.C. § 3553(e). (See DE 31 at 1). Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence on December 3, 2010. See United States v. Marshall, 403 Fed. App'x 827 (4th Cir. 2010).

Petitioner filed a first motion to vacate under § 2255 on March 5, 2012, which the court denied on December 31, 2012. On May 5, 2016, petitioner filed an order of the Fourth Circuit providing authorization to petitioner to file a successive § 2255 motion on the basis that Johnson may apply to this case. On June 25, 2016, petitioner filed the instant § 2255 motion, asserting that his prior convictions no longer are valid predicate offenses for his ACCA designation, in light of Johnson. The government moves to dismiss on the ground that petitioner qualifies as an Armed Career Criminal based on petitioner's breaking and entering convictions and Johnson does not impact the validity of such predicate convictions. Petitioner opposes the motion to dismiss on the ground that one of the breaking and entering convictions identified by the government is not a valid predicate because that breaking and entering offense forms part of the offense conduct in this case.

---

[1] In describing the ACCA predicate convictions in paragraph 64 of the PSR, the PSR mis-references paragraph 18, which describes a conviction for "breaking and entering a motor vehicle." Paragraph 19, by contrast, contains information about a conviction for "breaking and entering."

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). One of petitioner's predicate convictions identified in the PSR, common law robbery, depended upon such residual clause to count as an ACCA predicate conviction. See United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016); United States v. Carmichael, 408 F. App'x 769, 770 (4th Cir. 2011) abrogated by Johnson, 135 S.Ct. at 2557. Therefore, petitioner's common law robbery conviction no longer is a valid predicate conviction to support petitioner's ACCA designation.

Although one of three predicate convictions specified in the PSR for petitioner's ACCA designation has been invalidated, the government argues that resentencing is not required because

3

the PSR includes three breaking and entering convictions in petitioner's criminal history. Johnson "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of breaking and entering qualifies as burglary. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Accordingly, the government argues, because petitioner has three predicate convictions for breaking and entering, Johnson has no impact on petitioner's status as an Armed Career Criminal.

As noted above, the PSR identifies only two breaking and entering convictions as ACCA predicates, one conviction on December 10, 1991; and one conviction on February 21, 1996. (PSR ¶¶ 64, 8, 19). These also are the only breaking and entering convictions scored in petitioner's criminal history. (See id.). The government relies upon a third breaking and entering conviction, imposed on February 28, 2007, based upon conduct occurring on October 15, 2005, which conduct also is part of the offense conduct for petitioner's conviction in the instant criminal case. (See PSR ¶¶ 4, 5, 27) (hereinafter, "the 2007 breaking and entering conviction"). Petitioner contends that this 2007 breaking and entering conviction cannot serve as an ACCA predicate because the conduct underlying that conviction forms part of the offense conduct in the instant criminal case.

The court agrees with petitioner that the 2007 breaking and entering conviction cannot serve as an ACCA predicate, albeit on somewhat different grounds. The ACCA applies only "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense." 18 U.S.C. § 924(e). Based on the plain language of this statute, "only convictions in place at the time a

4

defendant commits a § 922(g) offense qualify as 'previous convictions.'" United States v. Pressley, 359 F.3d 347, 349 (4th Cir. 2004) (emphasis added). In this case, according to the offense conduct set forth in the PSR, petitioner came into possession of firearms on October 14, 2005, when he broke into the Powder Keg establishment. (PSR ¶ 4). Therefore, at the time of the commission of the § 922(g) offense, petitioner only had two prior breaking and entering convictions, one in 1991 and one in 1996. (See PSR ¶¶ 8, 19).

Because petitioner had only two violent felony convictions at the time of commission of the instant offense, petitioner was sentenced improperly as an Armed Career Criminal and subjected to statutory minimum and maximum penalties in excess of that allowable by law. See 18 U.S.C. § 924(e); Welch v. United States, 136 S. Ct. 1257, 1261, 1265 (2016). Therefore, petitioner's conviction and sentence must be vacated, and the matter must be scheduled for resentencing. See id.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 67), and DENIES the government's motion to dismiss (DE 76). The court's January 5, 2010, judgment is VACATED. The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 7th day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge